UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICE DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>FOOTHILL COLLEGE, et al.,<br><br>        Defendants. | Case No. 14-cv-04459-BLF<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF 36] |

Plaintiff Maurice Davis, proceeding *pro se*, brings this lawsuit against defendant Foothill DeAnza Community College District[1] ("Defendant"), alleging denial of due process and race and disability discrimination in connection with the academic fallout from a music history course he took in spring of 2014. Before the Court is Plaintiff's Motion for an Immediate (Emergency) Temporary Restraining Order ("TRO Application"), wherein he seeks an order requiring Defendant to, *inter alia*, allow him to enroll in a swim class at DeAnza College. Pl.'s TRO Appl., ECF 36. Defendant opposes this request. Def.'s Opp., ECF 38. Based on the parties' respective written submissions, and for the reasons stated herein, Plaintiff's TRO Application is DENIED.

**I.   BACKGROUND**

Plaintiff is a "73 year-old, black male, and a disabled American Veteran." First Amended Compl. ("FAC") at 1, ECF 33. Plaintiff has a medical degree and a law degree and, pursuing his continued love of education, enrolled in Foothill College to obtain an Associate of Arts degree in

---

[1] The Court understands that Defendant has been incorrectly sued as "Foothill College." Plaintiff's original complaint, which this Court dismissed on January 9, 2015, named a number of individual defendants. It is not clear whether Plaintiff has renewed his claims against the individual defendants in the First Amended Complaint. In any event, the Court construes Plaintiff's application for a TRO to be directed at defendant Foothill DeAnza Community College District and, for purposes of this order, shall treat it as the sole defendant.

Music. *Id.* In the Spring Quarter of 2014, Plaintiff was enrolled in an online music history course—Music 2C—with instructor Elizabeth Barkley. During his online final exam, Plaintiff "became quite ill" and was unable to complete his exam before the computer timed out. Plaintiff asked to re-take the final but was not allowed to do so. *Id.* at 2.

As part of his grade in the class, Plaintiff also endeavored to write a paper about musician Louis Armstrong. Due to his illness, Plaintiff turned in an incomplete paper to demonstrate that it was in progress. *Id.* at 3. Ms. Barkley determined that the paper was plagiarized and notified school administrator Patricia Hyland, who placed a hold on Plaintiff's academic record. *Id.* at 3-4. The hold, which prevented Plaintiff from enrolling in other classes, would only be removed if Plaintiff signed a document stating that he would not plagiarize again. Plaintiff refused to sign this document, denying that he committed plagiarism in the partially completed paper. Plaintiff requested a formal hearing on the matter, which request was denied after consideration by the administration's hearing body. *Id.* at 4. Plaintiff then filed the instant lawsuit against Defendant, alleging denial of due process as well as unlawful discrimination based on his race and disability.

On February 3, 2015, Plaintiff filed the instant TRO Application, claiming that the hold on his record prevents him from enrolling and participating in an Adapted Physical Education Swim Class ("Swim Class") at DeAnza College. Pl.'s TRO Appl. at 1-2. Plaintiff requests temporary injunctive relief requiring Defendant to permit him to (1) "continue his swimming" in the Swim Class, (2) remove the hold on his record, and (3) allow him to re-take his Music 2C final orally with (4) two independent witnesses present. *Id.* at 2-3. The Court ordered an expedited response from Defendant, which was received on February 6, 2015.

**II.   LEGAL STANDARD**

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

1    A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to
2  succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary
3  relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public
4  interest." *Id.* at 20.  Alternatively, an injunction could issue where "the likelihood of success is
5  such that serious questions going to the merits were raised and the balance of hardships tips
6  sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other two *Winter*
7  factors.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation
8  and internal quotation marks omitted).  Under either standard, the plaintiff bears the burden of
9  making a clear showing on these elements and on entitlement to this extraordinary remedy.  *Earth
10  Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).  Where, as here, a plaintiff seeks a
11  mandatory injunction altering the status quo and requiring affirmative action from the defendant,
12  the injunction is "subject to heightened scrutiny and should not be issued unless the facts and law
13  clearly favor the moving party." *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

### III.  DISCUSSION

As an initial matter, the Court ordered a response from Defendant because Plaintiff's TRO Application does not satisfy the requirements for *ex parte* relief set forth in Federal Rule of Civil Procedure 65(b)(1).  Plaintiff provided no affidavit or verified complaint to show "immediate and irreparable injury" likely to occur "before the adverse party can be heard in opposition," and did not certify any attempts to notify Defendant of his motion.  Fed. R. Civ. P. 65(b)(1)(A)-(B).  Defendant, in opposition, contends that Plaintiff's unsworn two-and-a-half page TRO Application is also substantively insufficient to demonstrate his entitlement to injunctive relief.  Def.'s Opp. 3. The Court agrees.

There is very little in Plaintiff's TRO Application to suggest a likelihood of success on the merits.  Plaintiff contends "[t]his fictitious case of plagiarism is nothing but a racist attempt to prevent Plaintiff from receiving an AA Degree in Music from Foothill.  It's an obvious case of violation of Plaintiff's due process rights and a violation of the Americans With Disabilities Act." Pl.'s TRO Appl. 2.  These are the same conclusions alleged in Plaintiff's FAC, and he provides no further evidence or argument to demonstrate that he can prevail on his claims for denial of due

3

process and discrimination on the basis of race and disability.

In fact, this Court previously dismissed Plaintiff's original complaint for failure to allege racial and disability discrimination claims that plausibly demonstrated an entitlement to relief. Order Adopting R&R, ECF 27.  In his FAC, Plaintiff has all but admitted an inability to identify "concrete and distinct acts of racial discrimination."  FAC at 4.  Plaintiff's procedural due process claim fares little better, as the record establishes that he was given notice, a meeting with school administration, and an opportunity to request a grievance hearing regarding the charge of plagiarism and attendant hold on his academic record.  *Id.* at 4.  Plaintiff has not put forth any evidence or argument to show a serious question, let alone a likelihood of success, on the merits of his assertion that this process was unconstitutionally deficient.  Defendant has put into the record the sworn declarations of Elizabeth Barkley, Patricia Hyland, and Kimberlee Messina denying any discriminatory intent underlying their actions and explaining the process by which Plaintiff was determined to have plagiarized and by which he was notified of the hold on his record.  *See* ECF 38-1, 38-2, 38-3.  Were this case to survive Defendant's pending motion to dismiss the FAC, *see* ECF 34, the record thus suggests that Plaintiff will face an uphill battle in proving his claims.  As such, Plaintiff has not made the requisite clear showing of a likelihood of success on the merits or even demonstrated the existence of a serious question going to the merits.

Proof of the remaining injunction factors is equally scant.  Plaintiff seeks broad sweeping mandatory injunctive relief that "amounts to a complete victory on the merits for [Plaintiff] in this litigation." Def.'s Opp. 3.  The only immediate injury that Plaintiff identifies, however, is his inability to enroll in the Swim Class, which has no relation to, for example, his request that Defendant be ordered to allow him to re-take his Music 2C final exam.  *See* TRO Appl. 2-3.  As such, there is no showing of injury supporting entitlement to much of the relief that Plaintiff seeks. Insofar as Plaintiff urges that Defendant be required to lift the hold on his academic record so that he can enroll in the Swim Class, Plaintiff has likewise failed to demonstrate that he is likely to suffer irreparable harm in the absence of such injunctive relief.[2]  While the Court is sensitive to

---

[2] Although Plaintiff characterizes one of his requested avenues of relief as "an immediate temporary restraining order allowing the Plaintiff to *continue* his swimming in the Adapted Swim

Plaintiff's assertion that the hold on his record and on his ability to enroll in classes has "denied [Plaintiff] his right to do his daily exercise of swimming which has already BEGUN to affect Plaintiff's health status," TRO Appl. 2, this asserted injury alone, in the absence of any showing of a serious question or likelihood of success on the merits of Plaintiff's claim that the hold is discriminatory and offends due process, is insufficient to sustain a mandatory injunction that Defendant lift the hold.  Furthermore, Defendant contends that it and the public have an interest in Foothill College's "ability to control academic dishonesty such as plagiarism in order to maintain the core integrity of its educational process." Def.'s Opp. 5.  Ordering Defendant to lift the hold on Plaintiff's record, a hold that was imposed after Plaintiff's instructor determined that he had plagiarized in his final paper, would allow Plaintiff to circumvent the College's process for addressing academic dishonesty and would "undercut academic integrity." *Id.* at 5.  The Court thus agrees that the public interest and the balance of equities do not weigh in favor of granting Plaintiff's TRO Application.

On the present record, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims, likely irreparable harm in the absence of the injunctive relief that he seeks, and equities and public interest weighing in favor of granting his request for mandatory injunctive relief.

For the foregoing reasons, Plaintiff's TRO Application is therefore DENIED.

**IT IS SO ORDERED.**

Dated: February 9, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

Class at De Anza," Pl.'s TRO Appl. 2 (emphasis added), it appears that Plaintiff cannot enroll in that class because of the hold on his record, *see id.* at 1 ("He asked me why I was not enrolled in the class as usual, and I informed him that Foothill College had put a 'hold' on my registration which now has reached De Anza College").  As such, the Court construes Plaintiff's TRO Application to be seeking an order lifting the hold on his record so that he may enroll in the Swim Class, and not for separate mandatory injunctive relief that Defendant permit Plaintiff to participate in the Swim Class regardless of his enrollment status.

5