UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICE DAVIS,<br>      Plaintiff,<br>    v.<br>FOOTHILL COLLEGE, et al.,<br>      Defendants. | Case No. 14-cv-04459-BLF<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS FOR APPEAL PURPOSES ONLY**<br><br>[Re: ECF 42] |

On October 3, 2014, *pro se* plaintiff Maurice Davis filed a complaint against defendants Foothill College, Elizabeth Barkley, Mark Anderson, Patricia Hyland, Kimberly Messina, Linda Thor, and Judy Miner alleging denial of due process and race and disability discrimination in connection with a music history course that he took at Foothill College in Spring 2014. *See* Compl., ECF 1. The Court granted Plaintiff's application to proceed in forma pauperis on October 9, 2014. Defendants subsequently filed a motion to dismiss the complaint, to which Plaintiff filed no opposition. The magistrate judge to whom the case initially was assigned heard argument on the motion on December 16, 2014, but Plaintiff did not attend. The magistrate judge recommended that the complaint be dismissed for failure to state a claim, and the undersigned agreed with that recommendation. *See* Report and Recommendation ("R&R"), ECF 25; Order Adopting R&R, ECF 27. In view of Plaintiff's *pro se* status, this Court granted Plaintiff leave to amend his complaint to address the numerous deficiencies identified in the magistrate judge's Report and Recommendation. *See* Order Adopting R&R at 1-2.

On January 26, 2015, Plaintiff filed a First Amended Complaint ("FAC"). *See* FAC, ECF 33. Defendants again moved to dismiss the complaint for failure to state a claim, and that motion is presently pending and set for hearing on May 14, 2015. Defendants filed their motion to

1  dismiss on February 2, 2015 and Plaintiff, to date, has filed no response.

2  In the meantime, Plaintiff on February 3, 2015 filed a three-page "Motion for an Immediate (Emergency) Temporary Restraining Order." *See* Appl. for TRO, ECF 36. Plaintiff sought an order requiring defendant Foothill College to lift a registration hold placed on his academic record in connection with a charge of plagiarism, and further requiring Foothill College to allow him to retake the final in his music history course. After hearing opposition from Defendants, this Court denied Plaintiff's TRO request, finding that he failed to demonstrate any likelihood of success on the merits or likely irreparable harm in the absence of the injunctive relief sought. The Court further determined that the equities and public interest weighed against granting mandatory injunctive relief. Order Denying Appl. For TRO, ECF 39. Plaintiff appealed this decision on February 23, 2015. *See* ECF 40. Now before this Court is a March 2, 2015 referral notice from the United States Court of Appeals for the Ninth Circuit referring this matter to the undersigned "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Referral Notice, ECF 42.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958) (per curiam). Thus, an appeal is taken in good faith if it presents at least one issue or claim that is non-frivolous. *See Hooker v. Amer. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

As addressed in the Court's order denying Plaintiff's TRO application, it was Plaintiff's burden to show circumstances warranting an exercise of the Court's discretion to grant the extraordinary remedy of a TRO. Order Denying Appl. For TRO at 3. Plaintiff made no showing on any of the factors that courts normally consider in determining whether to grant injunctive relief. *Id.* at 3-5 (applying factors identified in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) to Plaintiff's application). The Court accordingly denied Plaintiff's application due to a complete lack of evidence supporting entitlement to injunctive relief.

Furthermore, there are serious questions concerning the legal sufficiency of Plaintiff's claims, as already addressed in the court order dismissing Plaintiff's original complaint and revived in Defendants' second motion to dismiss.[1]  *See* R&R, 2-3; Def.'s Mot. to Dismiss FAC, ECF 34.  This, coupled with Plaintiff's abject failure to satisfy his burden of demonstrating entitlement to injunctive relief, leads the Court to conclude that Plaintiff's appeal of the Court's denial of his application for TRO is plainly frivolous and thus not taken in good faith.

Accordingly, Plaintiff's in forma pauperis status is hereby REVOKED pursuant to 28 U.S.C. § 1915(a)(3) solely in connection with this appeal.  In forma pauperis status remains in effect for the ongoing district court proceeding before the undersigned.  The Clerk of the Court shall notify Plaintiff and the United States Court of Appeals for the Ninth Circuit of this ruling as soon as is practicable.

On March 6, 2015, Plaintiff filed a request for "Waiver of Court Reporter's Fees," which simply states: "Plaintiff Maurice Davis hereby requests a WAIVER OF COURT REPORTER'S FEES in this action."  ECF 43.  The Court construes this as a request to waive court reporter fees for transcripts in connection with Plaintiff's appeal of the Court's denial of his TRO Application.  The Court has determined that this appeal is frivolous and that Plaintiff's IFP status should be revoked for appeal purposes.  The Court therefore DENIES Plaintiff's request for a waiver of court reporter fees.[2]

**IT IS SO ORDERED.**

Dated: March 10, 2015

　　　　　　　　　　　　　　　　　　　　　　　_____
BETH LABSON FREEMAN
United States District Judge

---

[1] This Court is set to hear argument on the legal sufficiency of the claims in the FAC on May 14, 2015.

[2] In any event, this request is moot because there do not appear to be any relevant transcripts in the record.