UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>FOOTHILL COLLEGE, et al.,<br><br>Defendants. | Case No.  14-cv-04459-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE**<br><br>[ECF 34] |

This is a civil rights action by *pro se* plaintiff Maurice Davis ("Plaintiff") against defendant Foothill DeAnza Community College District ("Defendant").[1]  Before the Court is Defendant's February 2, 2015 Motion to Dismiss Amended Complaint for Failure to State a Claim.  Def.'s Mot., ECF 34.  Plaintiff filed no opposition or response to the motion.  The Court held a hearing on the motion on May 14, 2015.  Plaintiff did not appear.  For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED with prejudice.

## I.    BACKGROUND

### A.    Factual Allegations

Plaintiff is a "73 year-old, black male, and a disabled American Veteran."  First Amended Compl. ("FAC") at 1, ECF 33.  Plaintiff has a medical degree and a law degree and, pursuing his continued love of education, enrolled in Foothill College to obtain an Associate of Arts degree in Music.  *Id.*  In the Spring Quarter of 2014, Plaintiff was enrolled in an online music history course—Music 2C—with instructor Elizabeth Barkley.[2]  During his online final exam, Plaintiff

---

[1] The Court understands that Defendant was erroneously sued as "Foothill College."

[2] Plaintiff requested that he be exempted from the class requirement due to his "exquisite knowledge (forehand) of the material in this course," but that request was denied.  FAC at 2.  His

United States District Court<br>Northern District of California

"became quite ill" and was unable to complete his exam before the computer timed out. "Plaintiff requested that he be allowed to re-take the final examination when his medical condition improved, but he was never allowed the opportunity to do so." *Id.* at 2.

As part of his grade in the class, Plaintiff also endeavored to write a paper about musician Louis Armstrong. Due to his illness, Plaintiff turned in an incomplete paper to demonstrate that it was in progress. *Id.* at 3. Ms. Barkley determined that the paper was plagiarized and notified school administrator Patricia Hyland, who placed a hold on Plaintiff's academic record. *Id.* at 3-4. The hold, which prevented Plaintiff from enrolling in other classes, would only be removed if Plaintiff signed a document stating that he would not plagiarize again. Plaintiff refused to sign this document, denying that he had plagiarized the partially completed paper. Plaintiff requested a formal hearing on the matter, which request was denied after consideration by the administration's hearing body. *Id.* at 4. Plaintiff then filed the instant lawsuit against Defendant, alleging denial of due process as well as unlawful discrimination based on his race and disability.

### B.   Procedural History

Plaintiff filed the original complaint in this lawsuit on October 3, 2014 against defendants Foothill College, Elizabeth Barkley, Mark Anderson, Patricia Hyland, Kimberly Messina, Linda Thor, and Judy Miner. *See* Compl., ECF 1. Magistrate Judge Paul Singh Grewal, the magistrate judge to whom the case was originally assigned, granted Plaintiff's application to proceed in forma pauperis ("IFP") and presided over the defendants' first motion to dismiss, to which Plaintiff filed no opposition. Judge Grewal heard oral argument on the first motion to dismiss on December 16, 2014, but Plaintiff did not attend. Judge Grewal recommended that the complaint be dismissed for failure to state a claim, and the undersigned agreed with that recommendation. *See* Report and Recommendation ("R&R"), ECF 25; Order Adopting R&R, ECF 27. In view of Plaintiff's *pro se* status, this Court granted Plaintiff leave to amend his complaint. *See* Order Adopting R&R at 1-2.

On January 26, 2015, Plaintiff filed a First Amended Complaint ("FAC"). The operative

request to "test out" of the course was also refused. *Id.*

2

United States District Court
Northern District of California

1   FAC, which superseded the original complaint, appears to only be directed at defendant Foothill

2   College.  Defendant then filed the present motion to dismiss the FAC on February 2, 2015.  One

3   day later, Plaintiff on February 3, 2015 filed a "Motion for an Immediate (Emergency) Temporary

4   Restraining Order."  This Court denied the TRO request, and Plaintiff immediately appealed to the

5   Ninth Circuit.  Upon referral from the Ninth Circuit, this Court revoked Plaintiff's IFP status for

6   purposes of his appeal of the TRO order, finding that the appeal was frivolous.  *See* ECF 44.  On

7   April 23, 2015, the Ninth Circuit dismissed Plaintiff's appeal for failure to pay the required filing

8   fee.  *See* ECF 46-47.  In all this time, Plaintiff never filed a response to the present Motion to

9   Dismiss, nor did he appear at the May 14, 2015 hearing on the motion.

10  **II.    LEGAL STANDARD**

11      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

12  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200

13  (9th Cir. 2003).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable

14  legal theory" or on "the absence of sufficient facts alleged."  *Balistreri v. Pacifica Police Dept.*,

15  901 F.2d 696, 699 (9th Cir. 1988).

16      To survive a motion to dismiss, a complaint must plead sufficient factual matter that, when

17  accepted as true and construed in the light most favorable to the non-moving party, "allows the

18  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court does not accept as true "allegations that are

20  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead*

21  *Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A pleading that offers "labels and

22  conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions

23  devoid of further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at

24  678 (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

25      Here, the Court is mindful that "a document filed pro se is 'to be liberally construed,' and

26  'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

27  formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

28  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Unless it is absolutely clear that no amendment can

3

United States District Court
Northern District of California

1   cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an

2   opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

3   (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041

4   (9th Cir. 2014)).  Conversely, leave to amend may be denied if amendment would be futile, and a

5   district court's discretion to deny leave to amend is "particularly broad" where a plaintiff has

6   previously amended unsuccessfully.  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.

7   2013) (citing *Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir. 1996)).

8   ## III.   DISCUSSION

9          As an initial matter, it is not clear whether Plaintiff intended the FAC to be self-contained,

10  or whether he believed that it would merely supplement the original complaint.  This has caused

11  some confusion for the defending parties, as Defendant rightly contends that the FAC appears to

12  only be directed at one entity—Defendant—and not at any of the individuals previously named as

13  defendants in the original complaint.  Def.'s Mot. 2.  Defendant therefore filed the present motion

14  only on its own behalf.  In general, an amended complaint must be a complete document in and of

15  itself, and may not refer the reader to exhibits or allegations contained in an earlier version of the

16  pleading.  *See* Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must

17  reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by

18  reference."); *see also Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint

19  supersedes the original, the latter being treated thereafter as non-existent.").  Thus, the Court will

20  only consider the allegations in the operative pleading, which is the FAC.[3]

21          The FAC does not identify any law or statute authorizing Plaintiff's claims and, as such,

22  fails to state the basis for this Court's jurisdiction.  Fed. R. Civ. P. 8(a)(1).  Construed liberally, the

23  FAC asserts three claims against Defendant for denial of due process and discrimination based

24  upon disability and race.  In his original complaint, Plaintiff identified the due process clause of

25  the 14th Amendment, the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*,

26  and the Civil Rights Act of 1964, 42 U.S.C. § 2220d *et seq.*, as the sources of his claims, and

27

28  [3] In any case, even if the Court was to consider the FAC in conjunction with the original
    complaint, Plaintiff's allegations would still be deficient.

United States District Court
Northern District of California

1    Defendant has briefed the present motion under those laws.  The Court thus assesses the FAC to

2    determine whether Plaintiff has adequately alleged violations of those substantive rights.  The

3    Court agrees with Defendants that the FAC is deficient on all three claims.

4           Plaintiff alleges that Defendant violated the ADA because "Plaintiff sought reasonable

5    accommodation from Foothill and it was never granted.  Specifically, "Plaintiff wished to re-take

6    the final examination when he felt better, but that request was never honored."  FAC at 5.  While a

7    "[a] failure to provide reasonable accommodation can constitute discrimination under section 504

8    of the Rehabilitation Act," *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002), Defendant is

9    correct in noting that Plaintiff has failed to allege such a failure.  Specifically, Defendant refers to

10   Plaintiff's prior allegation in the original complaint that he is registered with the Disability

11   Resource Center "DRC" at Foothill College.  Compl. ¶ 7.  Plaintiff does not allege in either the

12   FAC or the original complaint that his registered accommodations include the re-taking of tests, or

13   that he involved DRC in the request to re-take the Music 2C final exam.  *See* Def.'s Mot. 3.  More

14   problematically, Plaintiff does not even allege that he needed to re-take the final as an

15   accommodation for his qualifying disability, only that he "became quite ill during the final on-line

16   examination," that his "health status is very unstable," and that he requested to re-take the online

17   examination.  FAC at 3-4.  Even construed liberally, the Court finds that Plaintiff has failed to

18   state a *prima facie* claim for relief under the ADA.  *See Zukle v. Regents of Univ. of California*,

19   166 F.3d 1041, 1045 (9th Cir. 1999) (elements of a claim under Title II of the ADA); *Molski v.*

20   *M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (elements of a claim under Title III).[4]

21   Plaintiff's disability discrimination claim must therefore be dismissed for failure to state a claim.

22          Plaintiff's claim of race discrimination is even more conclusory.  Judge Grewal in his

23   Report and Recommendation regarding the first motion to dismiss observed that the original

24   complaint "never identifies any specific acts to substantiate" the claim of racial discrimination.

25   R&R at 3.  In his FAC, Plaintiff has all but admitted an inability to identify "concrete and distinct

26

27   _____

     [4] It is not clear under what title of the ADA Plaintiff brings his claim, nor is it clear that his theory

28   of discrimination in the failure to allow him to re-take a final examination qualifies as a claim
     under either Title II or III.

United States District Court
Northern District of California

acts of racial discrimination." FAC at 4. Instead, Plaintiff asserts that he can "feel and smell racism when it rears its ugly head" and that he "has lived the life of a black person for 73+ years." *Id.* While Plaintiff may unquestionably feel that he has been wronged, this Court cannot let Plaintiff's claim go forward on "naked assertions" devoid of facts showing that Defendant may be liable for the misconduct charged. *Iqbal*, 556 U.S. at 678. Plaintiff's race discrimination claim must thus also be dismissed for failure to state a claim.

Finally, Defendant contends that Plaintiff has failed to make out a claim under the due process clause of the Fourteenth Amendment because he is challenging an academic decision—the charge of plagiarism—that does not implicate the protections of the Fourteenth Amendment. Def.'s Mot. 4 (citing *Richmond v. Fowlkes*, 228 F.3d 854 (8th Cir. 2000) and *Disesa v. St. Louis Community College*, 79 F.3d 92 (8th Cir. 1996)). While Judge Grewal accepted this argument presented in the first motion to dismiss, R&R at 3, and while this Court agrees with that statement of the law, Plaintiff's due process claim can also be construed to apply to the hold on his enrollment status, and not solely to the plagiarism determination. A hold on Plaintiff's ability to enroll in classes, even if not an outright dismissal, certainly could be a *de facto* one that might constitute a deprivation of "liberty" or "property" within the meaning of the Fourteenth Amendment. That construction of Plaintiff's claim only goes so far, however, because even assuming that the enrollment hold could be a deprivation of some liberty or property interest,[5] his allegations, when taken as true, demonstrate that he was given notice of the reason for the hold (the plagiarism charge), had a meeting with school administration about it, and had an opportunity to escalate the issue and request a grievance hearing regarding the charge of plagiarism and attendant hold on enrollment.[6] *See* FAC at 4. That "informal give-and-take" between student

---

[5] Although the Ninth Circuit has not addressed this issue, the Court notes that the Seventh Circuit has concluded that there is no liberty or property interest in higher education. *Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*, 741 F.3d 769, 773 (7th Cir. 2013) *cert. denied*, 134 S. Ct. 2719 (2014). Even if there was such an interest, it is questionable whether Plaintiff, who is pursuing an Associate of Arts degree in Music simply because he "will always be involved in the educational process because he simply 'loves it'" has a liberty or property interest in his particular degree program. FAC at 1.

[6] Moreover, a review of the grievance form that Plaintiff attached to the original complaint demonstrates that he sought a hearing only in regards to the course instructor's alleged racial

and the administration satisfied due process, even if no formal hearing was granted.  *See Goss v. Lopez*, 419 U.S. 565, 584 (1975) (some informal hearing required in disciplinary action for student's disruptive or insubordinate behavior); *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 89-91 (1978) (declining to interject judicial or administrative procedures into school's evaluations of academic performance).  Finally, the Court agrees with Defendant that to the extent Plaintiff's due process claim invokes 42 U.S.C. § 1983, Defendant, a California community college, is considered a state entity under California law.  It is therefore not a "person" within the meaning of § 1983 and it is moreover immune from suit under the Eleventh Amendment.  Def.'s Mot. 4; *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988); *Hale v. State of Ariz.*, 993 F.2d 1387, 1399 (9th Cir. 1993).  Plaintiff thus fails to state a claim for denial of due process under the Fourteenth Amendment upon which relief can be granted.

Further leave to amend would be futile at this point.  Plaintiff has never responded to either of Defendant's motions to dismiss, nor has he ever appeared in court to make any showing that he would be able to correct the deficiencies in his pleadings.  Given this history of silence, it would be manifestly unfair to Defendant to permit this case to continue.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Salameh*, 726 F.3d at 1133.

**IV.   ORDER**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED with prejudice.  A separate judgment of dismissal shall issue, and the Clerk of the Court is directed to close this case file.

**IT IS SO ORDERED.**

Dated: May 14, 2015

BETH LABSON FREEMAN
United States District Judge

---

discrimination, bad faith and incompetence.  This belies Plaintiff's allegation in the FAC that he filled out the necessary paperwork "requesting a full hearing on the entire matter, but no hearing was ever granted."  FAC at 4.